United States District Court
District of Maryland
Northern Division

| | |
|---|---|
| **PUBLIC INTEREST LEGAL FOUNDATION, INC.**<br>32 E. Washington St., Suite 1675<br>Indianapolis, IN 46204<br><br>                                                              *Plaintiff,*<br><br>      v.<br><br>**LINDA H. LAMONE,** in her official capacity as the State Administrator of Elections, Maryland State Board of Elections<br>151 W. Street, Suite 200<br>Annapolis, MD 21401<br>Anne Arundel County,<br><br>**MICHAEL R. COGAN,** in his official capacity as Chairman of the Maryland State Board of Elections,<br>151 W. Street, Suite 200<br>Annapolis, MD 21401<br>Anne Arundel County,<br><br>**PATRICK J. HOGAN,** in his official capacity as Vice-Chairman of the Maryland State Board of Elections,<br>151 W. Street, Suite 200<br>Annapolis, MD 21401<br>Anne Arundel County,<br><br>**MALCOM L. FUNN,** in his official capacity as Member of the Maryland State Board of Elections,<br>151 W. Street, Suite 200<br>Annapolis, MD 21401<br>Anne Arundel County,<br><br>**KELLEY A. HOWELLS,** in her official capacity as Member of the Maryland State Board of Elections,<br>151 W. Street, Suite 200<br>Annapolis, MD 21401<br>Anne Arundel County,<br><br>(*cont...*) | Case No. _____ |

|  |  |
|---|---|
| **WILLIAM G. VOELP,** in his official capacity as Member of the Maryland State Board of Elections, 151 W. Street, Suite 200 Annapolis, MD 21401 Anne Arundel County, <br><br> **ERIN W. DENNIS**, in her official capacity as Campaign Accounts Support officer, Maryland State Board of Elections 151 W. Street, Suite 200 Annapolis, MD 21401 Anne Arundel County, <br><br> *Defendants*. |  |

## COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF

Plaintiff Public Interest Legal Foundation (the "Foundation"), by its attorneys, brings this action for violations of Section 8 of the National Voter Registration Act of 1993 ("NVRA"), 52 U.S.C. § 20507.

### JURISDICTION AND VENUE

1. This Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1331, because the action arises under the laws of the United States. This Court also has jurisdiction under 52 U.S.C. § 20510(b), because the action seeks injunctive and declaratory relief under the NVRA. This Court may also grant declaratory under 28 U.S.C. § 2201.

2. Venue in this Court is proper under 28 U.S.C. § 1391(b)(1), because the Defendants reside in this district, and under 28 U.S.C. § 1391(b)(2), because a substantial part of the events or omissions giving rise to the claim occurred in this district.

## PARTIES

3.     The Public Interest Legal Foundation, Inc., (the "Foundation") is a non-partisan, public interest organization incorporated and based in Indianapolis, Indiana. The Foundation seeks to promote the integrity of elections nationwide through research, education, remedial programs, and litigation. The Foundation regularly utilizes the NVRA's Public Disclosure Provision and state and federal open records laws that require government records be made available to the public. Using records and data compiled through these open records laws, the Foundation analyzes the programs and activities of state and local election officials in order to determine whether lawful efforts are being made to keep voter rolls current and accurate. The Foundation also uses records and data to produce and disseminate reports, articles, blog and social media posts, and newsletters in order to advance the public education aspect of its organizational mission.

4.     Defendant Linda H. Lamone is the State Administrator of Elections for the State of Maryland. As such, Defendant Lamone is the "chief State election official," Md. Code Ann., Elec. Law § 2-103, who is "responsible for coordination of State responsibilities under" the NVRA, 52 U.S.C. § 20509.

5.     Defendant Michael R. Cogan is the Chairman, Defendant Patrick J. Hogan is the Vice-Chairman, and Malcom L. Funn, Kelley A. Howells, and William G. Voelp are Members, of the Maryland State Board of Elections. Maryland law provides that the Maryland State Board of Elections "shall manage and supervise elections in the State and ensure compliance with the requirements of this article and any applicable federal law by all persons involved in the elections process." Md. Code Ann., Elec. Law § 2-102(a). The Maryland State Board of Elections is also required to, among other things, "adopt regulations to implement its powers and

duties," "appoint a State Administrator," and "receive, maintain, and serve as a depository for elections documents, materials, records, statistics, reports, certificates, proclamations, and other information prescribed by law or regulation." Md. Code Ann., Elec. Law § 2-102(b)(4), (b)(6), and (b)(10).

6. Defendant Erin W. Dennis is a Campaign Accounts Support officer in the Candidacy and Campaign Finance Division of the Maryland State Board of Elections. Defendant Dennis is responsible for processing Maryland's Application for Voter Registration Data.

7. All Defendants are sued in their official capacities only.

## BACKGROUND

8. The NVRA provides, in relevant part, "Each State shall maintain for at least 2 years and shall make available for public inspection and, where available, photocopying at a reasonable cost, all records concerning the implementation of programs and activities conducted for the purpose of ensuring the accuracy and currency of official lists of eligible voters[.]" 52 U.S.C. § 20507(i)(1) (hereafter, the "Public Disclosure Provision").

9. On August 8, 2019, this Court held that Maryland's voter registration lists are public records subject to disclosure under the NVRA's Public Disclosure Provision and that the NVRA supersedes and preempts Maryland law that limits access to the voter registrations lists to Maryland registered voters. *Judicial Watch, Inc. v. Lamone*, 399 F. Supp. 3d 425, 434-445 (D. Md. 2019).

10. On November 13, 2019, the Foundation submitted an Application for Voter Registration Data to the Maryland State Board of Elections (the "Application," attached as Exhibit A). The Application requested a copy of the statewide voter registration list. *Id*. The Foundation has offered to pay the required fees to obtain the requested records. *Id*.

11. That same day, Defendant Dennis responded via email, advising the Foundation that the Application was incomplete because the Foundation did not provide the information required by Section One of the Application. *See* Exhibit B at 1-2.

12. Section One requires each applicant to provide his name, address, phone number, city, state, zip code, and the county or city in which the applicant is registered to vote in Maryland. Exhibit A at 1.

13. The Foundation responded via email, explaining:

> Thanks for the follow-up. Section One was left incomplete as I am not a Maryland resident/registered voter. These data are requested pursuant the National Voter Registration Act and the recent holding in *Judicial Watch, Inc. v. Lamone*, Civil Action No. ELH-17-2006, 2019 U.S. Dist. LEXIS 134151, *25-45 (D. Md. Aug. 8, 2019). I've provided my Florida residential address below for the sake of transparency.

Exhibit B at 1.

14. On November 15, 2019, the Foundation received an email from Defendant Dennis denying the Foundation's Application. The email explained:

> At this time we have to deny your request. The matter you are referencing is not yet final, including regarding any potential appeal, and we believe it was wrongly decided. Maryland law currently requires an applicant for voter registration data to be a Maryland registered voter.

Exhibit B at 1.

15. On November 21, 2019, the Foundation emailed a letter to Defendant Lamone and Defendant Dennis (the "Notice Letter," Exhibit C). The Notice Letter notified Defendants that the "denial of our request for the statewide voter roll violates the NVRA and the *Lamone* ruling." Exhibit C at 1.

16. The Notice Letter further explained,

> A special primary election to fill the vacancy in Maryland's Seventh Congressional District is currently scheduled for February 4, 2020. Because the violations

5

described herein occurred within 120 days of that federal election, a lawsuit may be filed against you if the violations are not corrected within 20 days of your receipt of this letter. 52 U.S.C. § 20510(b)(2).

Exhibit C at 2.

17.     The Foundation received no further correspondence from Defendants or any other person at the Maryland State Board of Elections.

**COUNT I**
**Violation of Section 8(i) of the NVRA, 52 U.S.C. § 20507(i)**

18.     The Foundation realleges the preceding paragraphs as if fully stated herein.

19.     The requested record(s) are in the possession, custody, and control of Defendants.

20.     The statewide voter registration list is a record covered by the Public Disclosure Provision of the NVRA. 52 U.S.C. § 20507(i).

21.     The Public Disclosure Provision authorizes and entitles the Foundation to inspect and copy the requested statewide voter registration list.

22.     Maryland law requires that a person requesting a list of registered voters in Maryland must be "a Maryland registered voter." Md. Code Ann., Elec. Law § 3-506(a). Defendants are enforcing this requirement and are therefore preventing the Foundation from inspecting and copying the statewide voter registration list that the Foundation is otherwise entitled to inspect and copy under the NVRA.

23.     By denying the Foundation the ability to obtain records it otherwise could obtain under the Public Disclosure Provision of the NVRA, Md. Code Ann., Elec. Law § 3-506(a) conflicts with federal law.

24.     Any Maryland statute, regulation, practice or policy that conflicts with, overrides, or burdens the NVRA, a federal statute, is preempted and superseded under the Supremacy Clause and the Elections Clause of the Constitution of the United States.

25. Maryland's registered-voter requirement is therefore preempted, invalid, and unenforceable. *Judicial Watch, Inc. v. Lamone*, 399 F. Supp. 3d 425, 442-445 (D. Md. 2019)

26. Defendants' refusal to provide the requested statewide voter registration list violates the NVRA.

27. The Foundation provided Defendant Lamone—the chief election official of Maryland—with written notice of the NVRA violation alleged herein, thereby satisfying the NVRA's pre-litigation notice requirement, 52 U.S.C. § 20510(b)(1). *See* Exhibit C.

28. Defendants have not cured their violation of the NVRA within the 20 days permitted by the NVRA when the violation occurs within 120 days of an election for federal office. *See* 52 U.S.C. § 20510(b)(2).

29. Defendants' violation of the NVRA is causing the Foundation to suffer a concrete informational injury and has further frustrated, impeded and harmed the efforts of the Foundation to carry out its organizational mission.

30. The Foundation will continue to be injured by the Defendants' violations of the NVRA unless and until the Defendants are enjoined from continuing to violate the law.

31. The Foundation is a person aggrieved by a violation of the NVRA, as set forth in 52 U.S.C. § 20510(b)(1).

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for a judgment:

1. Declaring that Defendants are in violation of Section 8(i) of the NVRA by refusing to allow the Foundation to inspect and copy the requested voter registration list;

2. Declaring that Section 8(i) of the NVRA preempts and supersedes any requirement in Md. Code Ann., Elec. Law § 3-506(a), and any other Maryland statute,

regulation, practice or policy that prevents the Foundation from inspecting and copying the requested statewide voter registration list;

      3.      Ordering Defendants to produce to the Foundation the records and data requested in the Foundation's Application, or otherwise ordering Defendants to allow the Foundation to inspect and copy the statewide voter registration list;

      4.      Permanently enjoining Defendants from denying requests to inspect similar voter registration lists and voting histories in the future;

      5.      Ordering the Defendants to pay the Foundation's reasonable attorney's fees, including litigation expenses and costs, pursuant to 52 U.S.C. § 20510(c); and,

      6.      Granting the Foundation further relief that this Court deems just and proper.

Dated: December 16, 2019.

For the Plaintiff Public Interest Legal Foundation:

    /s/ Richard L. Costella
Richard L. Costella, Esquire
Federal Bar No.: 14095
Glenn E. Bushel
Federal Bar No.: 00936
Tydings & Rosenberg LLP
One East Pratt Street, Suite 901
Baltimore, Maryland 21202
Direct Phone: (410) 752-9700
Facsimile: 410.727.5460
Email: rcostella@tydingslaw.com
Email: gbushel@tydingslaw.com

*Of counsel*:
J. Christian Adams* (Virginia Bar #42543)
Public Interest Legal Foundation, Inc.
1555 King St., Ste. 200
Alexandria, VA 22314

Tel: (317) 203-5599  
Fax: (888) 815-5641  
adams@PublicInterestLegal.org

Noel H. Johnson* (Wisconsin Bar #1068004)  
Public Interest Legal Foundation, Inc.  
32 E. Washington St., Ste. 1675  
Indianapolis, IN 46204  
Tel: (317) 203-5599  
Fax: (888) 815-5641  
njohnson@PublicInterestLegal.org  
* *Motion for admission pro hac vice forthcoming*

Attorneys for Plaintiff Public Interest Legal Foundation